IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BETTY RADVILLAS,

    Plaintiff,

vs.                                                                                           10-CV-0733-JAP-GBW

JACQUELINE E. FRYAR,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION ON DISPOSITION

THIS MATTER is before the Court on the parties' submission of briefing regarding the issue of federal subject matter jurisdiction. *Docs. 20, 21, 22.* On December 16, 2010, I ordered the parties to brief whether this Court has subject matter jurisdiction over this case. *Doc. 20.* Upon review of the parties' briefs, applicable law, and the record before me, I find that this Court lacks subject matter jurisdiction and recommend this case be remanded to state court.

On August 5, 2010, Defendant removed this case to federal court. *Doc. 1.* In its Notice of Removal and Answer, Defendant asserted the existence of federal jurisdiction on the basis of a federal question, specifically that Plaintiff's Complaint included a count for alleged violation of rights under the First Amendment to the United States Constitution. *Doc. 1* at 1; *Doc. 2* at 4. In Plaintiff's Complaint, Count II is entitled "Assault and Battery and Violation of the First Amendment." *Doc. 1*, Ex. A at 5. Upon review of the claim,

however, it appeared to be based upon the alleged assault on a private citizen by another private citizen due to some dispute about a political issue. While the motivation for the alleged assault may have been a disagreement about another's exercise of free speech, such would not ordinarily establish a First Amendment claim because the "First Amendment does not normally restrict the actions of purely private individuals . . . ." *Granbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987). Given the Court's independent duty to determine subject matter jurisdiction, the parties were directed to "submit additional briefing analyzing whether Plaintiff has pled a valid First Amendment claim, and, if not, if there is some other basis of federal subject matter jurisdiction." *Doc. 20* at 2. Both parties have submitted their briefs and concede that this Court lacks subject matter jurisdiction. *Docs. 21, 22.* I agree.

The facts set forth in the Complaint show that Defendant is a resident of Catron County, New Mexico, and that on October 8, 2009, Defendant allegedly verbally and physically assaulted Plaintiff at the Village of Reserve Board of Trustees Special Meeting. *Doc. 1*, Ex. A. The Complaint provides no facts that would support a finding that Defendant was a state actor at the time of the alleged assault. Both parties agree with this assessment. *Doc. 21* at 2 (Defendant asserting that she "was not a state actor with regard to Plaintiff's First Amendment claim");[1] *Doc. 22* at 1 (Plaintiff stating that Defendant was

---

[1] The court notes that, although Defendant agrees that she was not a state actor for the purposes of the First Amendment, she contends that she was a "public employee" for the purposes of the New Mexico Tort Claims Act. *Doc. 21* at 1. This

never a state actor for purposes of her claims).  If Defendant was not a state actor for the purposes of First Amendment protection, then no valid First Amendment claim exists. *Granbouche,* 825 F.2d at 1466; *see also Hudgens v. NLRB,* 424 U.S. 507, 513 (1976).  Moreover, the parties have not argued that any other basis of federal subject matter jurisdiction is present in this case.  Accordingly, I recommend the case be remanded.

Wherefore, **IT IS HEREBY RECOMMENDED THAT** this case be **REMANDED** to state court for lack of federal subject matter jurisdiction.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

Court, of course, need not and does not express any opinion regarding that statutory issue.